IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

**CANDICE BALLARD**

     Plaintiff,                          Civil Action File No.

**Officer Joseph Ryan Barrett**
in his Individual capacity;
**Officer Garrett Yates**
in his Individual Capacity;
**Officer Wesley Couch**
in his Individual Capacity;
**Detective Kyle Tesky**
in his Individual Capacity;
**Captain Mike Tinsley**
in his Individual Capacity;
**Marcia Lawrence**
in her Individual Capacity;

     Defendants.

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Candice Ballard (hereinafter "Mrs. Ballard ") (hereinafter "Plaintiff") by and through the undersigned attorney, and hereby files this Complaint against Defendants **Joseph Ryan Barrett**, in his Individual capacity (hereinafter "Officer Barrett"); **Garrett Yates**, in his Individual Capacity (hereinafter "Officer Yates"); **Wesley Couch**, in his Individual Capacity (hereinafter "Officer Couch"); **Kyle Tesky**, in his Individual Capacity (hereinafter "Detective

Tesky"); **Mike Tinsley** (hereinafter "Captain Tinsley") and **Marcia Lawrence** (Unit 251), in his Individual Capacity (hereinafter "Officer Lawrence").

*"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested, <u>GA Code § 51-7-1 (2022)</u>."*[1]

<u>INTRODUCTION</u>

On May 30th 2022, Candice Ballard was held against her will as ransom by investigating officers of the Covington Police Department, located in Newton County, Georgia, until Edward Ballard, Mrs. Ballard's husband, voluntarily handed himself over to police in response to a misdemeanor arrest warrant in exchange for her freedom.

Plaintiff brings a federal constitutional claim against Defendants' Officer Barrett, Officer Yates, Officer Couch, Captain Tinsley, Detective Tesky, and Officer Lawrence for committing acts under color of law that deprived Mrs. Ballard of her rights under the Constitution and the laws of the State of Georgia including False Arrest/False imprisonment, Violation of the 4th and 14th amendments and Infliction of Emotional Distress.

---

[1] For article, "Georgia Local Government Officers: Rights for Their Wrongs," see 13 Ga. L. Rev. 747 (1979).

JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought directly under 42 U.S.C. §1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claim that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

PARTIES

4.

At all times relevant hereto, Candice Ballard (the "Plaintiff") is a resident of the State of Georgia and a citizen of the United States of America.

5.

At all times relevant hereto, Defendants Joseph Ryan Barrett, Garrett Yates, Wesley Couch, Kyle Tesky,  Mike Tinsley and Marcia Lawrence were citizens of the United States and residents of the State of Georgia acting under color of state law in their capacity as law enforcement officers employed by the Covington Police Department. Defendants are hereby sued in their individual capacity.

## FACTUAL ALLEGATIONS

6.

On May 26, 2022, a 911 call was made by an individual stating that he heard a loud bang while sitting in his yard and when he looked up he saw two people outside, one holding an AK -47 and the other holding a pistol.  Notably, the caller did not give any physical description of the person(s) who fired the firearm such as race or clothing.

The caller also stated he did not see anyone fire a weapon; he only heard it discharge.  He only described the house where the sound came from.

7.

While Edward Ballard was at home in his backyard watching his children, Officer Barrett of the Covington Police Department along with other officers approached his home.  Mr. Ballard greeted them at the front of his home to see what was going on.

8.

The officers informed him that they received a call about a gunshot and asked him if he heard it as well.  Mr. Ballard disclosed to the officers that he did not have any firearms at his home, and he too had heard the shots, but was incapable of pinpointing from which direction.

9.

Officer Barrett proceeded to ask Mr. Ballard for his name to which he responded "Eddie."  The officer then asked for his driver's license or proof of identification, but Mr. Ballard refused to produce it as this was his own property and at the time of approach by the officers he had not committed any crimes. Notably, Mr. Ballard was under no legal obligation to produce his identification under Georgia Law.[2] The officer continually asked Mr. Ballard's for his name and identification and Mr. Ballard continued to refuse.

---

a.  [2] Georgia code 16-11-36 Loitering and Prowling A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

b.  Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

10.

Officer Barrett then proceeded to handcuff Mr. Ballard and remove his wallet from his pocket along with his driver's license.  A fellow officer was instructed by Officer Barrett to run Mr. Ballard's name through dispatch to check for warrants. After a period of time, a supervisor responded to the scene and the handcuffs were removed from Mr. Ballard and he was released.

11.

After being released, Mr. Ballard went to the Covington Police Department the same day and filed a citizen's complaint. After a citizen's complaint was made, Officer Barrett applied and secured an arrest warrant On May 27, 2022, for misdemeanor obstruction of an officer stating the basis as "refusal to identify himself to officers when asked for identification."

12.

On May 30th, 2022, Officer Barrett arrived at 9175 Melody Court with fellow officers Wesley Couch and Detective Kyle Tesky with a warrant for Mr. Ballard's arrest.

13.

Candance Ballard, Mr. Ballard's wife, came to the door, cracked it slightly, and inquired as to the purpose of their visit.  Officer Barrett then asked if Mr. Ballard was home; Ms. Ballard in response, said no.

14.

At the time of the officer's arrival Mr. Ballard left and went to the store.

15.

Mrs. Ballard asked Officer Barrett if he had a warrant to search her home.

16.

Mrs. Ballard closed the door, attempted to secure her dogs, and exited out of the back door of the home in her robe and pajamas.

17.

Several other officers had responded to the scene and surrounded the home with weapons drawn On Mrs. Ballard while her children were inside the home watching in the windows. Mrs. Ballard was placed in handcuffs upon exiting her home.

18.

After a period of time and despite not being charged with any crime, Mrs. Ballard was taken into custody and transported to the Covington Police Department.

19.

Mrs. Ballard was held against her will without any charges and was only released after her husband turned himself in to the police.

20.

She was essentially held for the ransom of her husband turning himself in. The same day, Mr. Ballard turned himself in and remained in custody until able to post bond the following day on a misdemeanor obstruction charge.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C. §1983)

(Officers Joseph Ryan Barrett, Garrett Yates, Wesley Couch, Marcia Lawrence, Detective Kyle Tesky, Captain Mike Tinsley)

21.

Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 20 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation,  custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

22.

Defendant had no probable cause to arrest Plaintiff.

23.

Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from an unlawful seizure by law enforcement.

24.

Any reasonable police officer is cognizant or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

25.

No reasonable officer in the Defendants' position could have believed there was probable cause that Mrs. Ballard committed any offense or any other criminal act prior to her arrest.

26.

Defendant's actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

27.

Defendants' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

28.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

29.

Defendants did so with shocking and willful indifference to Plaintiff's rights and her conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

30.

The acts or omissions of Defendants were the moving forces behind Plaintiff's injuries.

31.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

32.

Defendant Officers are not entitled to immunity for their actions.

33.

As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct.

34.

In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

1.     Judgment for compensatory damages in excess of $1,000,000.00;

2.     Judgment for exemplary or punitive damages;

3.     Cost of suit;

4.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5.     Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
## FALSE IMPRISONMENT IN VIOLATION OF THE O.C.G.A. 16-5-41
(Officers Joseph Ryan Barrett, Garrett Yates, Wesley Couch,
Marcia Lawrence, Detective Kyle Tesky, Captain Mike Tinsley)

35.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 34 of this Complaint.

36.

O.C.G.A. 16-5-41 provides that:

a.      A person commits the offense of false imprisonment when, in violation of the personal
liberty of another, he arrests, confines, or detains such person without legal authority.

37.

Officers Joseph Ryan Barrett, Garrett Yates, Wesley Couch,

Marcia Lawrence, Detective Kyle Tesky, Captain Mike Tinsley are  persons  for

purposes of 42 U.S.C. § 1983.

38.

Officers, at all times relevant hereto, acted under the color of state law in

their capacities as law appointed officials for the Covington Police Department

(CPD) and act or omissions were conducted within the scope of their official duties

or employment.

39.

Any reasonable CPD official knew or should have known of these rights at the time of the complaint of conduct as they were clearly established at that time.

40.

Officers engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, recklessly disregarding Mrs. Ballard's federally protected status and constitutional rights.

41.

The Officers did so with shocking and willful indifference to Mrs. Ballard's rights and with conscious awareness that it could cause Mrs. Ballard mental or physiological harm or even death.

42.

The acts or omissions of the Officers were the moving forces behind Mrs. Ballard's injuries. The acts or omissions of the Officers as described herein intentionally deprived Mrs. Ballard of her constitutional rights and caused her other damages. Officers are not entitled to qualified immunity for their actions.

43.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual

Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mrs. Ballard.

All Defendants are jointly and severally liable for violating Mrs. Ballard's Fourth Amendment Rights.

44.

WHEREFORE, Plaintiff prays for the following relief:

6.      Judgment for compensatory damages in excess of $1,000,000.00;

7.      Judgment for exemplary or punitive damages;

8.      Cost of suit;

9.      Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

10.    Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL FORCE IN VIOLATION OF THE
## FOURTH AMENDMENT
### (42 U.S.C. §1983)

(Officers Joseph Ryan Barrett, Garrett Yates, Wesley Couch, Marcia Lawrence, Detective Kyle Tesky, Captain Mike Tinsley)

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation,  custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

45.

Officers are persons for purposes of 42 U.S.C. § 1983.

46.

The Officers, at all times relevant hereto, were acting under the color of state law in their capacities as law appointed officials for the Covington Police Department (CPD) and acts or omissions were conducted within the scope of his official duties or employment.

47.

At the time of the complained events, Mrs. Ballard had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through unlawful use of force.

48.

Any reasonable law enforcement official is aware or should have known of these rights at the time of the complaint of conduct as they were clearly established at that time.

49.

The Officers actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mrs. Ballard.

50.

The actions of the Officers and use of force, as described herein, were also malicious and/or reckless, and callous. This excessive use of force shocked the conscience, violating the Fourth Amendment rights of Mrs. Ballard.

51.

Several officials engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mrs. Ballard's federally protected constitutional rights.

52.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mrs. Ballard. All Defendants are jointly and severally liable for violating Mrs. Ballard's Fourth Amendment Rights.

53.

WHEREFORE, Plaintiff prays for the following relief:

11.    Judgment for compensatory damages in excess of $1,000,000.00;

12.    Judgment for exemplary or punitive damages;

13.    Cost of suit;

14.    Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

15.    Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

**FOURTH CLAIM FOR RELIEF**
**ASSAULT and BATTERY**
**(O.C.G.A. 16-5-23.1)**

(Officers Wesley Couch, Marcia Lawrence, Detective Kyle Tesky)

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 53 of this Complaint.

54.

Officers pulled out guns on Mrs. Ballard while attempting to take her into an unlawful custodial situation. Such force was objectively excessive and unreasonable under the circumstances.

55.

The Officers intentional acts as described more fully hereinabove put Mrs. Ballard in actual, subjective apprehension of immediate harmful or offensive contact.

56.

Mrs. Ballard's apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

57.

Officers' actions against Mrs. Ballard were unreasonable and unlawful. At the time Mrs. Ballard was placed in handcuffs she did not pose a threat or harm to any law enforcement offices or others.  Officer acted with depraved indifference for human life and conscious disregard for the safety of the general public,

constituted an intentional unwelcome and unprivileged touching of Mrs. Ballard and was undertaken in bad faith and with actual malice.

58.

As a Further direct and proximate result of the conduct described above, Mrs. Ballard suffered emotional damages.  Mrs. Ballard suffered loss of her liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.  Mrs. Ballard did not consent to contact from any of the officers.

WHEREFORE, Plaintiffs prays for the following relief:

1.     Judgment for compensatory damages in excess of $1,000,000.00;

2.     Judgment for exemplary or punitive damages;

3.     Cost of suit;

4.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5.     Trial by jury as to all issues so triable; and

6.     Such other relief as this Honorable Court may deem just and appropriate.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE IN VIOLATION OF THE
## FOURTH AMENDMENT
## (42 U.S.C. §1983)

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 58 of this Complaint.

59.

All individual Defendants to this claim are a person for purposes of 42 U.S.C. § 1983.

60.

All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Covington Police Department and their acts or omissions were conducted within the scope of their official duties or employment.

61.

Each above Defendant that Failed to intervene in the arrest of Mrs. Ballard knew or should have known that excessive force was being used during the arrest, Mrs. Ballard was being unjustifiably arrested as no probably cause was present, and that a constitutional violation was taking place.

62.

Each individual had a realistic opportunity to Intervene to prevent the harm from occurring to the Plaintiff.

63.

The plaintiff was damaged and injured by the Defendant's intentional failure to intervene and stop her arrest.

64.

Each officer had the time, ability and opportunity to stop the arrest of the Plaintiff but failed to do so.

65.

Each Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mrs. Ballard's federally protected states and constitutional rights.

WHEREFORE, Plaintiff prays for the following relief:

7.     Judgment for compensatory damages in excess of $1,000,000.00;

8.     Judgment for exemplary or punitive damages;

9.     Cost of suit;

10.    Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

11.    Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Officers Joseph Ryan Barrett, Wesley Couch,
Marcia Lawrence, Detective Kyle Tesky, Captain Mike Tinsley)

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 65 of this Complaint.

66.

Defendants Actions of pulling a gun on Plaintiff, holding her in custody without authority, and forcing her husband to turn himself in for her release, amounted to extreme and outrageous conduct.

67.

Defendants' actions led to Plaintiff's suffering mental anguish and emotional distress.

WHEREFORE, Plaintiffs prays for the following relief:

12.    Judgment for compensatory damages in excess of $1,000,000.00;

13.    Judgment for exemplary or punitive damages;

14.    Cost of suit;

15.    Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

16.    Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.        compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $6,000,000.00.

B.        economic losses on all claims allowed by law;

C.        special damages in an amount to be determined at trial;

D.        punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00

E.        attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.        pre- and post-judgment interest at the lawful rate; and,

G.        any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

Respectfully submitted this 29th day of May 2024.

/s/ Latrice Latin Alexander

Latrice Latin Alexander
Georgia Bar No. 116907
Attorney for Plaintiff

The Latin Law Group LLC
4751 Best Rd Ste 490
College Park, GA 30337
Phone: (678) 890-5868
Llatin@atlpiattorney.com
Llalexander@atlpiattorney.com